IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL LEE GEIER,   CV. 05-984-MA

            Petitioner,   OPINION AND ORDER

    v.

JEAN HILL, Superintendent,
Snake River Correctional
Institution,

            Respondent.

Thomas J. Hester
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

John R. Kroger
Attorney General
Jacqueline Sadker
Assistant Attorney General
1162 Court Street N.E.
Salem, Oregon 97301

    Attorneys for Respondent

MARSH, Judge

    Petitioner, an inmate at Snake River Correctional Institution, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254.

1 -- OPINION AND ORDER

For the reasons set forth below, the amended petition is denied, and this proceeding is dismissed, with prejudice.

## BACKGROUND

On August 10, 1998, a grand jury returned a 29-count indictment charging petitioner with 15 counts of Rape in the First Degree, two counts of Sodomy in the First Degree, two counts of Unlawful Sexual Penetration, six counts of Sexual Abuse in the First Degree, one count of Sexual Abuse in the Third Degree, and three counts of Using a Child in a Display of Sexually Explicit Conduct.  Resp. Exh. 102.

The charges arose out of allegations that petitioner raped, sodomized, sexually abused, and took sexually explicit photographs of his stepdaughter ("MG"); and photographed and sexually abused two of MG's friends.  Five of the fifteen rape counts alleged that the conduct occurred when MG was under the age of 12.  Id. Petitioner promptly admitted the allegations to investigators.

On April 13, 1999, petitioner entered a plea of no contest to all of the foregoing charges.  Resp. Exh. 103.  The state made no plea concessions.  Petitioner was sentenced to seven consecutive 100-month terms of imprisonment on the rape charges; and the court imposed a sentence of discharge on the remaining counts.  Resp. Exh. 101 & TR at 209.  The sentencing judge explained his sentence as follows:

>    [T]he defendant I think presents an extreme danger to our community's most valuable and vulnerable assets, its children.  And I often think what could be more serious than what he did.  And I was thinking of comparing it with murder, and I was remembering in Vietnam the people who were killed, for them it was over, but for some of the people that came back that are haunted by the horrors of the war, it's actually in some sense worse, although I'm not smart enough to judge that.
>
>    I mean it's kind of foregone, but I think for [MG] and for [SB] and [AC], and I think it's – and for other children who are sexually abused in this manner, I think it doesn't destroy their life, but they're never going to be the same.  It can't be – you can learn to live with it.  I think you can't ever get over it.  So it seems to me that in a way it's – and they have to live with it every day.  It just seems if this isn't a case for incarceration for the rest of his life, I don't know what one would be.
>
>    That's all I'm going to say about that.
>
>    I find that he had sexual intercourse with [MG] on repeated occasions over several years, indicating his willingness to commit more than one criminal offense.  This was not just one incident on a certain day that resulted in contacts that if you count it up it was several crimes, but it was just one occurrence.  This was over a long period of time.  He also had several victims.  And what I think would be appropriate is what's recommended in the PSI.

TR at 207-09.

Petitioner filed a direct appeal which he subsequently dismissed. Resp. Exh. 104. Petitioner sought state post-conviction relief alleging claims of ineffective assistance of trial counsel. <u>See</u> Resp. Exhs. 112, 114, 128 at 19-23, & 130 at 2. The post-conviction court denied relief on all claims, "except to the extent that the portion of the trial court judgment imposing

3 -- OPINION AND ORDER

post-prison supervision of 240 months for each count is modified to read '**and a period of post-prison supervision of 240 months per ORS 144.103**.'"  Resp. Exh. 130 at 2 (emphasis in original).  In so doing, the post-conviction court made the following findings:

> Petitioner claims that his trial counsel failed to seek exclusion of his confession to the police.  Trial counsel filed a motion to suppress, a hearing was held (at which petitioner testified) and the trial court denied the motion.  Petitioner asserts that his trial counsel did not properly advise him and that his plea was not knowingly and intelligently entered.  The preponderance of the evidence is to the contrary.
>
> Petitioner claims that his stepdaughter was 12 years old when he first raped her and that his repeated acts did not last more than one year.  The evidence is to the contrary.  Petitioner himself testified in the suppression hearing that, in talking with the police, he denied that sexual intercourse with his stepdaughter started when she was five, but that she was at least nine or ten years old.  The preponderance of the evidence indicates that petitioner had sexual intercourse with his stepdaughter over a period of at least three years.  The court finds that petitioner is not a credible witness.  After considering the evidence, the court finds that petitioner has failed to carry his burden of proof.  The court therefore concludes that petitioner's trial counsel did not fail to render adequate assistance.

Resp. Exh. 130 at 1-2.

The Oregon Court of Appeals affirmed the denial of post-conviction relief, without opinion, and the Oregon Supreme Court

4 -- OPINION AND ORDER

denied review.[1]  Geier v. Lampert, 200 Or. App. 733, 118 P.3d 281, rev. denied, 339 Or. 609 (2005).

In the instant proceeding, petitioner raises the following grounds for relief:

1. Sentence is contrary to Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004);

2. Conviction obtained by use of a coerced confession;

3. Consecutive sentences were based upon false-hearsay testimony in presentence investigation report;

4. Conviction obtained through Brady violation and failure to obtain pretrial discovery;

5. Ineffective assistance of counsel for failing to object to unlawful sentence which included 140 years of post-prison supervision;

6. Ineffective assistance of appellate counsel for failing to assign error to illegal sentence;

7. Plea and sentence were illegally entered because trial and sentencing judge had not taken proper oath of office;

8. Denial of right to fair post-conviction hearing.

Amended Petition (#6).

In his supporting memorandum, petitioner addresses only grounds for relief three, five, and six.  See Brief in Support

---

[1] While petitioner's post-conviction appeal was pending, petitioner filed a motion to amend/correct the judgment in the trial and post-conviction courts.  The motions were denied.  The subsequent appeal from the trial court was dismissed, and the appeal from the post-conviction court was affirmed by the Oregon Court of Appeals, without opinion, and the Supreme Court denied review.  Resp. Exhs. 105-10 & 138; Geier v. Lampert, 217 Or. App. 638, 178 P.3d 342 (2008), rev. denied, 344 Or. 670 (2008).

5 -- OPINION AND ORDER

(#47) at 9-15. Respondent contends that the state court's rejection of grounds three, five, and six is entitled to deference, and argues generally that petitioner did not sustain his burden of proving his entitlement to habeas relief as to the remaining grounds.

### DISCUSSION

**I. Procedurally Defaulted Grounds for Relief.**

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. See 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law. Casey v. Moore, 386 F.3d 896, 915-16 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005); Baldwin v. Reese, 541 U.S. 27, 29 (2004).

Habeas review of procedurally defaulted claims is barred unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that the failure to consider the claims will result in a miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

In respondent's answer (#52), she moves the court to deny habeas relief on the basis that petitioner procedurally defaulted his available state remedies. Petitioner has filed no response to

6 -- OPINION AND ORDER

this assertion. As set forth below, a review of the record reveals that petitioner procedurally defaulted grounds for relief one, two, four, and seven. Petitioner offers no basis to excuse his procedural default. Accordingly, habeas relief is precluded as to these grounds.

### A. Ground for Relief One.

In ground for relief one, petitioner alleges that his consecutive sentences violate the rules announced in Apprendi and Blakely. This ground is procedurally defaulted because it was raised for the first time in a supplemental petition for review to the Oregon Supreme Court, from the denial of post-conviction relief. Resp. Exh. 135; see Castille v. Peoples, 489 U.S. 346, 351 (1989) (presenting claim in procedural context in which its merits will not be considered absent special circumstances is not a fair presentation); see also State v. Gornick, 340 Or. 160, 170, 130 P.3d 780 (2006) (Apprendi claim is not plain error for purposes of reviewing unpreserved claim on appeal).

To the extent that the ground could be construed to have been exhausted in his state appeal CA A129673 (Resp. Exhs. 139-46), the claim does not warrant habeas corpus relief because the rules announced in Apprendi, and Blakely, do not apply to Oregon's consecutive sentencing statute. Oregon v. Ice, 129 S.Ct. 711, 714-15 (2009).

### B. Ground for Relief Two.

7 -- OPINION AND ORDER

Ground for relief two (coerced confession) is procedurally defaulted because it was not fairly presented in the state post-conviction proceeding or on appeal therefrom. In this regard, the court notes that petitioner raised an *ineffective assistance of counsel*, based upon counsel's alleged failure to adequately move to suppress, but petitioner did not raise a direct challenge to the legality of the confession.

To the extent that this ground for relief was intended to allege ineffective assistance of counsel, habeas relief is not warranted due to petitioner's failure to demonstrate that the post-conviction court's conclusion that counsel was not ineffective is contrary to, or an unreasonable application of, clearly established federal law. See 28 U.S.C. § 2254(d)(1); Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004), cert. dismissed, 545 U.S. 1165 (2005) (petitioner bears the burden of proving he is entitled to habeas relief).

### C. Ground for Relief Four.

In ground for relief four, petitioner alleges that his conviction was obtained through a Brady violation, and due to counsel's failure to obtain pretrial discovery. Petitioner's Brady claim is procedurally defaulted due to the fact that the claim was raised for the first time in a supplemental petition for review to the Oregon Supreme Court. Resp. Exh. 135; see also Castille, 489 U.S. at 351.

8 -- OPINION AND ORDER

To the extent that this claim raises an ineffective assistance of counsel claim for failure to obtain pretrial discovery, habeas relief is not warranted due to petitioner's failure to demonstrate that the post-conviction court's rejection of this claim is contrary to, or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1); <u>Davis</u>, 384 F.3d at 638.

**II.  The Merits**.

    A.    **Ground for Relief Three**

In ground for relief three, petitioner alleges that his "[c]onsecutive sentences [were] grounded on false-hearsay testimony in presentence investigation report which alleged serious crimes for which Petitioner has never been charged, tried or convicted." Additionally, petitioner alleges that he "[w]as not given time to review PSI report with his attorney." Amended Petition (#6) at 5.

The parties have broadly construed this ground as raising a claim of ineffective assistance of counsel for failing to adequately object to errors in the presentence report. So construed, the ground for relief was exhausted in state court. Resp. Exhs. 112, 131, & 134.

In his supporting memorandum, petitioner complains that trial counsel failed to meet with petitioner and review the presentence report or make zealous and adequate objections to its inaccuracies or obtain rulings on the "half-hearted protest he made." The specific inaccuracies noted by petitioner are a reference in the

9 -- OPINION AND ORDER

report that MG was five when the sexual abuse began, and that petitioner had had hundreds of liaisons with juvenile prostitutes while in the Navy. See Resp. Exh. 124 at 7 & 14; Supporting Brief at 11. Petitioner argues that he suffered prejudice as a result of trial counsel's deficient performance because the trial judge "explicitly adopted the sentencing recommendation in the PSI." Supporting Brief at 13.

A review of the state record reveals that trial counsel objected to the presentence report on the grounds raised by petitioner here. TR at 187-92. Moreover, the trial court's imposition of consecutive sentences was premised upon a finding that petitioner had committed multiple offenses against MG that did not arise from the same continuous and uninterrupted course of conduct, and that he demonstrated a willingness to commit more than one criminal offense. See O.R.S. 137.123.

In sum, petitioner has failed to demonstrate deficient performance on the part of trial counsel, or resulting prejudice. Consequently, the post-conviction court's rejection of this claim is neither contrary to, nor an unreasonable application of, clearly established federal law. See Strickland v. Washington, 466 U.S. 668, 687-88 (1987); see also Davis v. Grigas, 443 F.3d 1155, 1158 (9th Cir. 2006) (holding there is no clearly established federal standard for ineffective assistance of counsel for noncapital

10 -- OPINION AND ORDER

sentencing cases); Cooper-Smith v. Palmateer, 397 F.3d 1236, 1244 (9th Cir. 2005) (same).

  **B. Grounds for Relief Five and Six.**

  Petitioner alleges that trial and appellate counsel were ineffective in failing to raise *on direct appeal*, as plain error, the unlawful terms of post-prison supervision. Supporting Brief at 9 & 13. As noted above, the illegality of petitioner's terms of post-prison supervision was addressed in the state post-conviction proceeding, and an amended judgment was entered accordingly. Consequently, petitioner cannot demonstrate that he suffered prejudice as a result of trial or appellate counsel's failure to raise the claim earlier. In so holding, I reject petitioner's attempt to prove prejudice by arguing that a remand would have enabled him to more fully litigate unrelated issues.

  The state post-conviction court's rejection of this claim is neither contrary to, or an unreasonable application of, clearly established federal law. Accordingly, habeas relief is not warranted.

  **C. Ground for Relief Eight.**

  In his eighth ground for relief, petitioner alleges that he was denied due process in the state post-conviction proceeding. Relief is not warranted as to this ground because alleged procedural errors in a state post-conviction proceeding are not addressable through federal habeas corpus proceedings. Franzen v.

11 -- OPINION AND ORDER

<u>Brinkman</u>, 877 F.2d 26, 26 (9th Cir.), <u>cert. denied</u>, 493 U.S. 1012 (1989).

## **CONCLUSION**

Based on the foregoing, petitioner's amended habeas corpus petition (#6) is DENIED, and this proceeding is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this 17__ day of August, 2009.

```
                            _/s/  Malcolm F. Marsh_____
                            Malcolm F. Marsh
                            United States District Judge
```